IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

David Sutter,

        Plaintiff,

        vs.                             Case No. 11-2703-JTM

Bank of America, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

Pro se plaintiff David Sutter has brought the present action against a variety of financial entities, including Bank of America, BAC Home Loans Servicing L.P., Heartland Title Company, South & Associates, as well as a variety of John Does. Sutter complains that the defendants are attempting to foreclose on real property owned by him, in violation of a variety of statutes, including the "Kansas Debt Collections Statutes, Kansas Business and Commerce Codes, and the Kansas Deceptive Trade Practices Statutes, Truth in Lending Act, RESPA, and other Civil Rights of the Plaintiffs." (Dkt. 4, at ¶ 3).[1]

Sutter's Complaint indicates that the original loan was $88,001. (Dkt. 1, at ¶ 13). He acknowledges that he signed the note and mortgage relating to the property, but alleges that the defendants have refused his request for documents showing that they are the holders of the mortgage

---

[1] Sutter also styles his Complaint as if it were additionally brought by the Wyandotte County Recorder's Office, but all of the pleadings in the action are signed by Sutter alone.

under Kansas law. (*Id*. at ¶ 5). The court notes that Sutter does not unequivocally state that the defendants do not have a valid interest in the note. Rather, he states simply that "it is the *belief* of the Plaintiff Sutter that the Defendants ... are not the true holders of the claim," or that he "has *reason to believe* that the mortgagee listed on the ... Notice of Sale is not the current holder of the note." (*Id*., at ¶ 5, 8) (emphasis added).

The matter is now before the court on Sutter's Motion for Temporary Restraining Order and Temporary Injunction. (Dkt. 4). Sutter seeks an order precluding any foreclosure "for no less than 120 days." (Id. at 8).

Sutter's motion is denied for three reasons. First, the burden is on Sutter to show a likelihood of success on the merits and the existence of irreparable injury in the absence of a restraining order. *Winter v. Nat't Res. Def. Council*, 555 U.S. 7, 20 (2008). Other than merely reciting the names of statutes he thinks may apply to his claims, Sutter has made no attempt to show the elements for such relief and how the elements are satisfied here.

Second, under Fed.R.Civ.Pr. 65, the court may enter a restraining order "not to exceed 14 days," not the 120 days which Sutter claims are necessary to protect his interests.

Finally, Sutter repeatedly if indirectly refers to the existence of ongoing state proceedings by which the defendants allegedly seek to foreclose on the property, which raises the distinct possibility that this court should abstain from interfering in such litigation. *See, e.g., Beck v. Wells Fargo Bank*, 2011 WL 3664287 (E.D. Pa. Aug. 19, 2011) (abstaining from actions seeking to enjoining state foreclosure); *Bank of America v. Sharim, Inc*., 2010 WL 5072118 (S.D.N.Y. Dec. 13, 2010) (same). *See generally Quackenbush v. Allstate Insurance*, 517 U.S. 706 (1996) (discussing abstention).

IT IS ACCORDINGLY ORDERED this 4th day of January, 2012, that the Plaintiff's Motion for Temporary Restraining Order (Dkt. 4) is hereby denied.

 s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE