IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID SUTTER,

        Plaintiff,

vs.                              Case No. 11-2703-JTM

BANK OF AMERICA, NATIONAL ASSOCIATION,
ET. AL,

        Defendants.

MEMORANDUM AND ORDER

    Defendants Bank of America, N.A., BAC Home Loans Servicing, L.P., and South & Associates, P.C.'s Motions to Dismiss are before the court (Dkt. Nos. 28 and 30). Mr. Sutter has brought claims against all three defendants for violations of the Home Ownership Equity Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, the Uniform Commercial Code, the Truth in Lending Act, and the Federal Deposit Insurance Act. He has also made a claim for breach of contract. All claims arise out of and concern the validity of a home loan serviced by BAC Home Loans. Bank of America and BAC Home Loans argue Mr. Sutter's claims must be dismissed because his claims are barred by res judicata. South & Associates argues Mr. Sutter has failed to state a claim against it.

    The defendants filed their Motions to Dismiss on February 10, and 23, respectively. Under D. Kan. R. 6.1(d), Mr. Sutter had 21 days from each motion in which to respond. He failed to do so. When a party has failed to respond in time or failed to respond at all, Local Rule 7.4(b) provides:

>  **(b) Responsive Briefs or Memorandums**. Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the 6.1(d) time requirements, the court will usually consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Because plaintiff is proceeding pro se, this court construes his arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). The court, however, will not assume the role of advocate for the pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Mr. Sutter has not responded, and for substantially the same reasons stated by the defendants, this court grants the motions.

IT IS ACCORDINGLY ORDERED this 27th day of March 2012, that defendants Bank of America, N.A., BAC Home Loans Servicing, L.P., and South & Associates, P.C.'s Motions to Dismiss (Dkt. Nos. 28 and 30) are granted. And all claims against these defendants are dismissed.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE